UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **DONTE ANDERSON,** for himself and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>**SOUTHEASTERN PIZZA GROUP, LLC,**<br><br>Defendant. | CASE NO.<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**ECF CASE**<br><br>**JURY TRIAL DEMANDED** |

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DONTE ANDERSON, on behalf of himself and those similarly situated, sues the Defendant, SOUTHEASTERN PIZZA GROUP, LLC, a Georgia Limited Liability Company, and alleges:

## INTRODUCTION

1. Defendant has employed hundreds of individuals, including Plaintiff, as pizza delivery drivers at their Pizza Hut locations throughout the Southeast. These drivers were typically paid a reduced, tipped minimum wage for the hours they worked delivering pizzas to customers.

Defendant systematically under-reimbursed Plaintiff and the other delivery drivers for their vehicle expenses causing the Plaintiff and other drivers' pay to fall below the minimum wage. This collective action seeks to recover these unpaid minimum wages on behalf of all drivers who drove Defendant within the last three years.

2. Plaintiff was an employee of Defendant and brings this action for unpaid minimum wage compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

3. The FLSA, like virtually all minimum wage laws, require employers to provide their employees with sufficient reimbursements for employment-related expenses ("kickbacks") to ensure that employees' hourly wages equal or exceed the required minimum wage after such expenses are counted against the hourly wages. However, Defendant systematically under-reimbursed its delivery drivers for vehicular wear and tear, gas, and other driving-related expenses, thereby ensuring that all of Defendant's delivery drivers are effectively

2

paid well below the minimum wage.

## GENERAL ALLEGATIONS

4. Plaintiff worked as an hourly paid delivery driver for Defendant from approximately December 2012 to October 2015.

5. While working for Defendant, Plaintiff was paid $7.25 when working in the store, and paid a reduced minimum wage when driving on the road delivering pizzas.

6. Plaintiff worked for Defendant at their downtown Atlanta Pizza hut location in Fulton County, Georgia.

7. Defendant is a Georgia Limited Liability Company that operates and conducts business in, among other locations, Fulton County, Georgia and is therefore, within the jurisdiction of this Court.

8. This action is brought under the FLSA to recover from Defendant minimum wage compensation, liquidated damages, and reasonable attorneys' fees and costs.  This action is intended to include each and every hourly paid delivery driver who worked for Defendant at one of its Pizza Hut locations company-wide within the past three (3)

years.

9. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

10. During Plaintiff's employment with Defendants, Defendant earned more than $500,000.00 per year in gross sales.

11. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

12. Included in such goods, materials and supplies were computers, telephones, food items, drink items, restaurant equipment and supplies, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

13. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

14. The primary function of Pizza Hut restaurants, including all such restaurants owned and operated by Defendant, is to sell pizza and other foods and beverages. Accordingly, Defendant was engaged in commerce.

15. Pizza Hut restaurants, including those operated by Defendant, are employers under the FLSA. Defendant paid and supervised its employees, including Plaintiff and other delivery drivers.

16. Defendant employed delivery drivers, all of whom have the same job duty: to deliver pizzas and other food and beverages to customers. Plaintiff and all other delivery drivers are clearly employees within the meaning of the FLSA.

17. Some delivery drivers worked inside their restaurant during certain hours and work as delivery drivers at other times.

18. During Plaintiff's tenure as an employee of Defendant, he consistently worked approximately 40 hours or more per week, with the majority of his time spent "on the road" making deliveries.

19. Throughout the relevant period, Defendant required each of its delivery drivers to maintain and provide a safe, functioning, insured, and legally-operable automobile to make deliveries. These vehicles, typically two- and four-door passenger cars, weigh less than 10,000 pounds.

20. Throughout the relevant period, Defendant required its delivery drivers to bear the "out-of-pocket" costs associated with their vehicles, including costs for gasoline, vehicle depreciation, insurance, maintenance, and repairs.

21. For decades, the Internal Revenue Service ("IRS") has calculated and published a standard mileage reimbursement rate ("IRS rate") for businesses and employees to use in computing the minimum deductible costs of operating an automobile for business purposes.

22. In 2014, the IRS rate was $0.56 per mile; in 2015, the IRS rate was $0.575 per mile; in 2016 the IRS rate was $0.54 per mile; in 2017, the IRS rate is $0.535 per mile.

23. Since 2010, many reputable companies that study the cost of

owning and operating a motor vehicle and/or estimating reasonable reimbursement rates for vehicular travel, including the American Automobile Association, have consistently set the average cost of operating a vehicle at rates significantly higher than that set by the IRS.

24. Defendant's delivery drivers typically experienced lower gas mileage, more rapid vehicle depreciation, and greater vehicular expenses than the average business driver because they typically drove in urban areas, in "start-and-stop" traffic, on a tight schedule, at night, and in inclement weather.

25. Insurance providers recognize the hazards of working as a pizza delivery driver. Unsurprisingly, pizza delivery drivers pay significantly higher automobile insurance rates than do regular drivers,[1] and some pizza companies even provide their drivers with

---

[1] *See Auto insurance an important piece of the pie for pizza delivery vehicles*, NETQUOTE,
 http://www.netquote.com/auto-insurance/pizza-delivery-vehicles (last visited Mar. 24, 2017).

automobile insurance coverage.[2] Defendant does not provide insurance for its drivers.

26. Thus, during the relevant period, the actual "out-of-pocket" costs that Defendant's delivery drivers paid to provide a safe, functioning, insured, and legally-operable automobile for their deliveries was at least $0.535 per mile.

27. During the relevant period, Defendant reimbursed their delivery drivers at a rate of approximately $1 and then $1.25 per delivery.

28. Defendant's delivery drivers typically drove approximately 5-8 miles per roundtrip delivery (and even more in some instances). This means on the low end Defendant's delivery drivers were reimbursed 12.5 cents/mile ($1 delivery reimbursement / 8 miles), and on the high end 25 cents/mile ($1.25 delivery reimbursement / 5 miles). Regardless, the reimbursement paid when compared to the vehicle

---

[2] See *The Hidden Risks of a Pizza Delivery Business*, TRUSTED CHOICE INDEPENDENT INSURANCE AGENTS, https://www.trustedchoice.com/small-business-insurance/restaurant-food/pizza-delivery/ (last visited Mar. 24, 2017).

8

expenses incurred by Plaintiff and the similarly situated delivery drivers was well below an amount which sufficiently would have reimbursed the delivery drivers for their costs incurred.

29. Plaintiff and the other delivery drivers were paid a tipped minimum wage for all time they spend on the road as delivery drivers. Because Defendant paid the minimum wage, it was legally obligated to fully reimburse Plaintiff and his colleagues for the full amount of their driving expenses. However, Defendant failed to fully reimburse its drivers for the full amount of their driving expenses, thus forcing the drivers' total compensation far below the minimum.

30. Defendant's systematic failure to adequately reimburse delivery drivers for their automobile expenses constitutes a kickback to Defendant, such that the hourly wages it pays and has paid to Plaintiff and other delivery drivers are not paid free and clear of all outstanding obligations to Defendant.

31. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of deliveries performed by

Plaintiff and the other delivery drivers and the amount of reimbursement paid are in the possession and custody of Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff bring a collective action pursuant to 29 U.S.C. §216(b) on behalf of a proposed collective defined to include:

> All persons Defendant employed as a delivery driver during any workweek in the maximum limitations period.

33. Plaintiff reserves the right to modify the proposed collective definition at a later stage of litigation.

34. Plaintiff is a member of the proposed collective he seeks to represent because he worked for Defendant as a delivery driver during the relevant period and suffered the minimum wage violation alleged above.

35. This action may be properly maintained as a collective action on behalf of the putative Class because, during the relevant period:

    a. Plaintiff and the Class members had the same employer;

    b. Plaintiff and the Class members performed the same type of work;

10

    c. Plaintiff and the Class members were governed by the same compensation policies, practices, and systems;

    d. Plaintiff and the Class members were subjected to the same policies relating to the payment of supplemental wages to offset vehicle maintenance costs;

    e. Plaintiff and the Class members were governed by the same payroll policies, practices, and systems;

    f. Defendant's labor relations and human resources systems were centrally-organized and controlled, and controlled the policies and practices at issue in this case.

36. Plaintiff estimates that the collective group, including both current and former employees over the relevant period, will include hundreds of members. The precise number of members should be readily available from Defendant's personnel, scheduling, time and payroll records, and from input received from the Class members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b). Given the composition and size of the Class, its members may be

informed of the pendency of this action directly via U.S. mail, e-mail, and the posting of written notices at Defendant's work sites.

## COUNT I - RECOVERY OF DAMAGES UNDER THE FLSA

37. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-36 above.

38. Plaintiff and those similarly situated employees are/were entitled to be paid complete minimum wage compensation free and clear for their work for Defendant.

39. During their employment with Defendant, Plaintiff and other delivery drivers were not paid sufficient reimbursement by Defendant for the vehicles expenses incurred by Plaintiff and other delivery drivers on behalf of Defendant.

40. As a result of this pay practice, Plaintiff and the other delivery drivers have not been paid complete minimum wages free and clear.

41. In failing to ensure that Plaintiff and the collective group members received at least the tipped minimum wage rate for each hour they worked "on-the-road," Defendant acted willfully and with reckless

disregard of clearly applicable FLSA provisions.

42. Defendant has no good faith justification or defense for failing to pay Plaintiff and the collective group members all wages mandated by the FLSA.

43. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and the other delivery drivers complete minimum wage compensation, Plaintiff and those similarly situated delivery drivers have suffered damages plus incurring reasonable attorneys' fees and costs.

44. As a result of Defendant's willful or reckless violation of the FLSA, Plaintiff and the other delivery drivers are entitled to liquidated damages.

45. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DONTE ANDERSON, respectfully requests an Order:

A. certifying this matter to proceed as a class action;

B. approving Plaintiff as adequate Class representative of the proposed Class;

C. appointing Morgan & Morgan, P.A., and Finkelstein, Blankinship, Frei-Pearson & Garber, LLP to serve as Class Counsel;

D. requiring Defendant to provide the names and current (or best known) addresses of all members of the identified Collective;

E. authorizing Class Counsel to issue a notice informing the Class members that this action has been filed, of the nature of the action, and of their right to opt out of this lawsuit;

F. finding that Defendant willfully violated the applicable provisions of the FLSA by failing to pay all required wages to Plaintiff and the collective group members;

G. granting judgment in favor of Plaintiff and the members of the collective group;

H. awarding all available compensatory damages in an amount to be determined;

I. awarding an equal amount of liquidated damages as provided by the FLSA;

J. awarding reasonable attorneys' fees and reimbursement of all costs and expenses incurred in litigating this action;

K. awarding all available equitable and injunctive relief precluding the continuation of the policies and practices pled in this Complaint; and

L. awarding any further relief the Court deems just, necessary, and proper.

Dated this 8th day of August, 2017.

/s/ C. RYAN MORGAN
C. Ryan Morgan, Esq.
Georgia Bar No. 711884
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: RMorgan@forthepeople.com
*Attorneys for Plaintiff*

/s/ Jeremiah Frei-Pearson

Jeremiah Frei-Pearson
(*Pro Hac Vice forthcoming*)
**FINKELSTEIN, BLANKINSHIP,
FREI-PEARSON & GARBER, LLP**
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Telephone:(914) 298-3281
Facsimile: (914) 824-1561