# **EXHIBIT "A"**

| | |
|---|---|
| STATE OF GEORGIA ) | |
| ) | **FULL AND COMPLETE** |
| COUNTY OF FULTON ) | **RELEASE AND SETTLEMENT AGREEMENT** |

This Full and Complete Settlement Agreement ("Agreement") is made and entered into by and between Donte Anderson ("Anderson") and Southeastern Pizza Group Two, LLC.

WITNESSETH:

WHEREAS, Anderson has asserted certain claims under the Fair Labor Standards Act ("FLSA") arising out of his employment as a delivery driver for Southeastern Pizza Group Two, LLC, specifically having filed a lawsuit which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division, captioned *DONTE ANDERSON, et al v. SOUTHEASTERN PIZZA GROUP, LLC, a Georgia Limited Liability Company, SOUTHEASTERN PIZZA GROUP TWO, LLC, a Georgia Limited Liability Company, SOUTHEASTERN PIZZA GROUP THREE, LLC, a Florida Limited Liability Company, JEM PIZZA GROUP, LLC, a South Carolina Limited Liability Company, JEM PIZZA II, LLC, a South Carolina Limited Liability Company, and JEM PIZZA GROUP THREE, LLC,* Civil Action No. 1: 17-298 ("the Lawsuit");

WHEREAS, Southeastern Pizza Group, LLC, Southeastern Pizza Group Three, LLC, JEM Pizza Group, LLC, JEM Pizza II, LLC, and JEM Pizza Group Three, LLC filed a Motion and Memorandum in Support of the Motion to Dismiss the Lawsuit and Southeastern Pizza Group Two, LLC, filed an Answer to the Lawsuit, denying all substantive allegations and asserting a number of defenses;

WHEREAS, Anderson and Southeastern Pizza Group Two, LLC ("the Parties") desire to avoid protracted litigation and the expenses incident thereto and at the same time forever set to rest the differences existing between them.

*/s/* Donte Anderson
*/s/* Southeastern Pizza Group Two, LLC

NOW, THEREFORE, IN CONSIDERATION of the promises, covenants, and agreements contained herein, the Parties agree hereto as follows:

1. <u>Payment/Consideration</u>. Southeastern Pizza Group Two, LLC agrees: (a) to pay to Anderson a lump sum payment of Five Thousand Five Hundred and No/100 Dollars ($5,500.00) for alleged unreimbursed expenses with regard to using his car for deliveries; (b) to pay to the law firm representing Anderson, Morgan & Morgan, a lump sum payment of Three Thousand Seven Hundred Fifty and No/100 Dollars ($3,750.00) for legal fees and costs; and (c) in response to any query directed specifically to Melissa Benson, Vice President of Human Resources, by any prospective employer of Anderson, to provide a neutral reference, indicating Anderson's dates of employment, pay rate(s) and position(s). Anderson understands that a 1099 will be issued for the payment to Morgan & Morgan and understands and agrees that he is solely responsible for any taxes that may be due on the sums paid to him. Checks will be delivered to Morgan & Morgan within three days, and the Parties agree the sums can be released immediately upon approval by the Court of this Agreement.

2. <u>Release</u>. In consideration of the benefits conferred by this Agreement, the receipt and sufficiency of which is hereby acknowledged, Anderson, for himself, his heirs, agents, representatives, and assigns does hereby release, acquit, and forever discharge Southeastern Pizza Group, LLC, Southeastern Pizza Group Two, LLC, Southeastern Pizza Group Three, LLC, JEM Pizza Group, LLC, JEM Pizza II, LLC, and JEM Pizza Group Three, LLC, each of them individually and each of their parent companies, subsidiaries, predecessors, successors, affiliates, agents, representatives, officers, employees, attorneys, owners, members, partners, shareholders, servants, insurers, attorneys, assigns and all other persons or firms who can or may be liable ("Released

_/s/_ Donte Anderson
_/s/_ Southeastern Pizza Group Two, LLC

2

Parties"), from any and all claims, causes of action, liability, damages, and/or losses of whatever kind or nature, known or unknown, whether in law or equity, which Anderson ever had or now has arising directly or indirectly out of his employment with any Released Party and from such claims which were or could have been alleged in the Lawsuit (collectively, "Claims").

This release includes, but is not limited to, any Claims individually or as a representative relating to failure to pay compensation, wages, expenses or reimbursements under the Fair Labor Standards Act ("FLSA"), and discrimination, harassment, and retaliation of every type prohibited by law. This release is for any relief, no matter how described, including, but not limited to, back pay, front pay, compensatory damages, costs, reimbursements, punitive damages, or damages for pain and suffering or mental anguish.

3. Future Employment. Anderson will not seek, take, cause or permit to be taken, any action now or at any point in the future to enter into active employment with any Released Party. Anderson agrees not to knowingly apply for employment at any time henceforth with any Released Party.

4. Acknowledgement, Dismissal and Withdrawal. Anderson hereby acknowledges full satisfaction and settlement of all claims and causes of action and fully understands that neither he nor any of his heirs, executors, administrators, agents, representatives, or assigns can make any further claim, accrued through the date of this Agreement, against the persons, firms or corporations who are hereby released or by any person or persons representing them or any of them. Anderson agrees that, subject to approval of this Agreement by the Court, the Lawsuit is ended with prejudice and directs his attorney to dismiss the Lawsuit with prejudice.

3

_____ Donte Anderson
_____ Southeastern Pizza Group Two, LLC

5. <u>Understanding</u>. It is distinctly understood and agreed as follows: a) that this Release shall act and operate as a Full and Complete Release of all persons and entities, from any and all liability on account of the acts and things above set out; b) that it shall cover all injuries and damages, known or unknown, regardless of whether the injuries or damages are more serious or different than now known or understood to be; c) that it shall not be subject to any claim of mistake of fact; d) that this Release expresses a full and complete settlement of a liability claimed and denied; and e) regardless of the adequacy or inadequacy of the amount paid, it is intended to be and is final and complete.

6. <u>Disclaimer of Liability</u>. Anderson specifically agrees that this settlement is the compromise of potential, doubtful and disputed claims, and that the payment made in settlement thereof is not to be construed as an admission of liability or wrongdoing of any kind on the part of the Released Parties or any of them, and that the said Released Parties deny liability of any nature or kind to Anderson. Anderson further agrees that neither this Agreement, its terms, the fact that it has been executed, nor any actions taken by the Parties to implement its terms, shall be admissible as evidence or relied on or used in any fashion to support any contention or allegation of wrongdoing of any kind on the part of the Released Parties; provided, however, that in an action to enforce the terms of this Agreement, a true and correct copy of the Agreement and evidence of actions taken pursuant thereto shall be admissible to establish its terms and the performance or nonperformance of the party's obligations thereunder.

7. <u>No Subrogation or Lien Interests</u>. Anderson represents and warrants that there are no subrogation or lien interests as to any claim herein released. Anderson understands and agrees that he is solely responsible for satisfying any and all outstanding bills, assignments, liens, demands,

_Dante Anderson_

_Southeastern Pizza Group Two, LLC_

4

actions, and all other suits or claims, in law or equity, to the proceeds of this settlement that may be asserted by any federal, state, and/or local governmental agency, or any private individual or organization or any other person or entity.

8.  **Entire Agreement.** With the express exception of any Arbitration Agreement signed by Anderson as part of his application for and employment with Southeastern Pizza Group Two, LLC, this Agreement supersedes all other understandings and agreements, oral or written, between the Parties with respect to all disputes between them and constitutes the sole agreement between the Parties. Anderson acknowledges that no representations, inducements, promises, or agreements, oral or written, have been made by the Released Parties or by anyone acting on their behalf which are not embodied in this Agreement, that no agreement, statement or promise not contained in this Agreement shall be valid or binding on the Released Parties, and that the terms of this Agreement are contractual and not a mere recital.

9.  **Complete Bar.** Anderson further agrees that the consideration paid in this Agreement is and shall be a complete bar to any subsequent action or proceeding to set aside or vacate this instrument because of a mistake in fact or otherwise.

10. **Governing Law.** This Agreement shall be governed by Georgia law.

5

_____ Donte Anderson
_____ Southeastern Pizza Group Two, LLC

ANDERSON HEREBY DECLARES AND REPRESENTS THAT HE HAS CAREFULLY READ THE FOREGOING AGREEMENT IN ITS ENTIRETY OR HAD IT READ TO HIM, THAT HE UNDERSTANDS ITS CONSEQUENCES AND THAT HE VOLUNTARILY AGREES TO BE BOUND BY ITS TERMS AND CONDITIONS.

This 25th day of January, 2018.

WITNESS:

_____        _____
                                       Donte Anderson

                                       _____
                                       Southeastern Pizza Group Two, LLC

                                       By: _Melissa Eckert_____

                                       Its: _Vice-President of HR_____

6

Donte Anderson
Southeastern Pizza Group Two, LLC

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) **FULL AND COMPLETE** |
| COUNTY OF FULTON | ) **RELEASE AND SETTLEMENT AGREEMENT** |

This Full and Complete Settlement Agreement ("Agreement") is made and entered into by and between John Wanza ("Wanza") and Southeastern Pizza Group Two, LLC.

WITNESSETH:

WHEREAS, Wanza has asserted certain claims under the Fair Labor Standards Act ("FLSA") arising out of his employment as a delivery driver for Southeastern Pizza Group Two, LLC, specifically having filed an intent or notice to join the lawsuit which is currently pending in the United States District Court for the Northern District of Georgia, Atlanta Division, captioned *DONTE ANDERSON, et al v. SOUTHEASTERN PIZZA GROUP, LLC, a Georgia Limited Liability Company, SOUTHEASTERN PIZZA GROUP TWO, LLC, a Georgia Limited Liability Company, SOUTHEASTERN PIZZA GROUP THREE, LLC, a Florida Limited Liability Company, JEM PIZZA GROUP, LLC, a South Carolina Limited Liability Company, JEM PIZZA II, LLC, a South Carolina Limited Liability Company, and JEM PIZZA GROUP THREE, LLC,* Civil Action No. 1: 17-298 ("the Lawsuit");

WHEREAS, Southeastern Pizza Group, LLC, Southeastern Pizza Group Three, LLC, JEM Pizza Group, LLC, JEM Pizza II, LLC, and JEM Pizza Group Three, LLC filed a Motion and Memorandum in Support of the Motion to Dismiss the Lawsuit and Southeastern Pizza Group TWO, LLC, filed an Answer to the Lawsuit, denying all substantive allegations and asserting a number of defenses;

_____ John Wanza
_____ Southeastern Pizza Group Two, LLC

WHEREAS, Wanza and Southeastern Pizza Group Two, LLC ("the Parties") desire to avoid protracted litigation and the expenses incident thereto and at the same time forever set to rest the differences existing between them.

NOW, THEREFORE, IN CONSIDERATION of the promises, covenants, and agreements contained herein, the Parties agree hereto as follows:

1. <u>Payment/Consideration</u>. Southeastern Pizza Group Two, LLC agrees: (a) to pay to Wanza a lump sum payment of Two Thousand and No/100 Dollars ($2,000.00) for alleged unreimbursed expenses with regard to using his car for deliveries; (b) to pay to the law firm representing Wanza, Morgan & Morgan, a lump sum payment of Three Thousand Seven Hundred Fifty and No/100 Dollars ($3,750.00) for legal fees and costs; and (c) in response to any query directed specifically to Melissa Benson, Vice President of Human Resources, by any prospective employer of Wanza, to provide a neutral reference, indicating Wanza's dates of employment, pay rate(s) and position(s). Wanza understand that a 1099 will be issued for the payment to Morgan & Morgan and understands and agrees that he is solely responsible for any taxes that may be due on the sums paid to him. Checks will be delivered to Morgan & Morgan within three days, and the Parties agree the sums can be released immediately upon approval by the Court of this Agreement.

2. <u>Release</u>. In consideration of the benefits conferred by this Agreement, the receipt and sufficiency of which is hereby acknowledged, Wanza, for himself, his heirs, agents, representatives, and assigns does hereby release, acquit, and forever discharge Southeastern Pizza Group, LLC, Southeastern Pizza Group Two, LLC, Southeastern Pizza Group Three, LLC, JEM Pizza Group, LLC, JEM Pizza II, LLC, and JEM Pizza Group Three, LLC, each of them individually and each of their parent companies, subsidiaries, predecessors, successors, affiliates, agents, representatives,

2

_____ John Wanza
_____ Southeastern Pizza Group Two, LLC

officers, employees, attorneys, owners, members, partners, shareholders, servants, insurers, attorneys, assigns and all other persons or firms who can or may be liable ("Released Parties"), from any and all claims, causes of action, liability, damages, and/or losses of whatever kind or nature, known or unknown, whether in law or equity, which Wanza ever had or now has arising directly or indirectly out of his employment with any Released Party and from such claims which were or could have been alleged in the Lawsuit (collectively, "Claims").

This release includes, but is not limited to, any Claims individually or as a representative relating to failure to pay compensation, wages, expenses or reimbursements under the Fair Labor Standards At ("FLSA"), and discrimination, harassment, and retaliation of every type prohibited by law. This release is for any relief, no matter how described, including, but not limited to, back pay, front pay, compensatory damages, costs, reimbursements, punitive damages, or damages for pain and suffering or mental anguish.

3. <u>Future Employment</u>. Wanza will not seek, take, cause or permit to be taken, any action now or at any point in the future to enter into active employment with any Released Party. Wanza agrees not to knowingly apply for employment at any time henceforth with any Released Party.

4. <u>Acknowledgement, Dismissal and Withdrawal</u>. Wanza hereby acknowledges full satisfaction and settlement of all claims and causes of action and fully understands that neither he nor any of his heirs, executors, administrators, agents, representatives, or assigns can make any further claim, accrued through the date of this Agreement, against the persons, firms or corporations who are hereby released or by any person or persons representing them or any of them. Wanza agrees that,

3

_/s/ John Wanza_
John Wanza
Southeastern Pizza Group Two, LLC

subject to approval of this Agreement by the Court, the Lawsuit is ended with prejudice and directs his attorney to dismiss his intent to join and the Lawsuit with prejudice.

5. <u>Understanding</u>. It is distinctly understood and agreed as follows: a) that this Release shall act and operate as a Full and Complete Release of all persons and entities, from any and all liability on account of the acts and things above set out; b) that it shall cover all injuries and damages, known or unknown, regardless of whether the injuries or damages are more serious or different than now known or understood to be; c) that it shall not be subject to any claim of mistake of fact; d) that this Release expresses a full and complete settlement of a liability claimed and denied; and e) regardless of the adequacy or inadequacy of the amount paid, it is intended to be and is final and complete.

6. <u>Disclaimer of Liability</u>. Wanza specifically agrees that this settlement is the compromise of potential, doubtful and disputed claims, and that the payment made in settlement thereof is not to be construed as an admission of liability or wrongdoing of any kind on the part of the Released Parties or any of them, and that the said Released Parties deny liability of any nature or kind to Wanza. Wanza further agrees that neither this Agreement, its terms, the fact that it has been executed, nor any actions taken by the Parties to implement its terms, shall be admissible as evidence or relied on or used in any fashion to support any contention or allegation of wrongdoing of any kind on the part of the Released Parties; provided, however, that in an action to enforce the terms of this Agreement, a true and correct copy of the Agreement and evidence of actions taken pursuant thereto shall be admissible to establish its terms and the performance or nonperformance of the party's obligations thereunder.

4


John Wanza
Southeastern Pizza Group Two, LLC

7. <u>No Subrogation or Lien Interests</u>. Wanza represents and warrants that there are no subrogation or lien interests as to any claim herein released. Wanza understands and agrees that he is solely responsible for satisfying any and all outstanding bills, assignments, liens, demands, actions, and all other suits or claims, in law or equity, to the proceeds of this settlement that may be asserted by any federal, state, and/or local governmental agency, or any private individual or organization or any other person or entity.

8. <u>Entire Agreement</u>. With the express exception of any Arbitration Agreement signed by Wanza as part of his application for and employment with Southeastern Pizza Group Two, LLC, this Agreement supersedes all other understandings and agreements, oral or written, between the Parties with respect to all disputes between them and constitutes the sole agreement between the Parties. Wanza acknowledges that no representations, inducements, promises, or agreements, oral or written, have been made by the Released Parties or by anyone acting on their behalf which are not embodied in this Agreement, that no agreement, statement or promise not contained in this Agreement shall be valid or binding on the Released Parties, and that the terms of this Agreement are contractual and not a mere recital.

9. <u>Complete Bar</u>. Wanza further agrees that the consideration paid in this Agreement is and shall be a complete bar to any subsequent action or proceeding to set aside or vacate this instrument because of a mistake in fact or otherwise.

10. <u>Governing Law</u>. This Agreement shall be governed by Georgia law.

5

_/s/_ John Wanza
_/s/_ Southeastern Pizza Group Two, LLC

WANZA HEREBY DECLARES AND REPRESENTS THAT HE HAS CAREFULLY READ THE FOREGOING AGREEMENT IN ITS ENTIRETY OR HAD IT READ TO HIM, THAT HE UNDERSTANDS ITS CONSEQUENCES AND THAT HE VOLUNTARILY AGREES TO BE BOUND BY ITS TERMS AND CONDITIONS.

This 25 day of January, 2018.

WITNESS:

_____
John Wanza

_____
Southeastern Pizza Group Two, LLC
By: Melissa Eckert
Its: Vice President of HR

6

_____ John Wanza

_____ Southeastern Pizza Group Two, LLC